# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| OLLIE HOLLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1112 CAS |
| ) | |
| MILLSTONE BANGERT, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff brings this suit alleging, among other things, employment discrimination based on gender and race, retaliation, and harassment. The matter is before the Court on defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim. In its motion, defendant moves to dismiss on the basis that plaintiff is an employee of an independent contractor and, therefore, defendant is not her "employer" within the meaning of Title VII of the Civil Rights Act of 1964.[1] Alternatively, defendant moves for dismissal of plaintiff's claims of race discrimination, harassment, and retaliation on the basis that plaintiff did not exhaust her administrative remedies with respect to those claims. Plaintiff did not respond to defendant's motion, and the time to respond has expired. For the following reasons, the Court will grant the motion in part and deny it in part.

*Background*

Plaintiff, who is appearing before the Court pro se, has filed a complaint alleging unlawful employment discrimination against defendant. In the complaint and attached materials, plaintiff claims she worked for TEE & E Trucking, an independent contractor for defendant, as a truck driver.

---

[1] Although plaintiff does not identify the authority under which she brings her claims, for purposes of this motion, the Court construes her complaint as attempting to state claims of employment discrimination based on race and gender, retaliation, and harassment under Title VII.

Plaintiff alleges defendant removed her from jobs because she is female and replaced her with a male driver. Plaintiff further alleges the discrimination also occurred because she complained defendant was not paying the prevailing wage, and that she was retaliated against "for engaging in protected activity." Complaint at 2.

Attached to the complaint are two copies of a charge of discrimination against defendant. On the first copy, which is stamped "RECEIVED, 2006 May 12 AM 9:47, ST LOUIS DISTRICT," only the box for sex discrimination is checked. On the second copy, the box for sex discrimination remains checked, but in addition, it appears plaintiff checked by hand boxes indicating "retaliation," "other [discrimination]," and "continuing action." Plaintiff's initials are next to these three boxes. In addition to having the same "RECEIVED" stamp as the first copy, the second copy is also stamped "FILED, May 12, 2006" by the Missouri Commission on Human Rights.

*Standard*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319

F.3d 1038, 1040 (8th Cir. 2003). This is especially true when, as here, a plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion, but materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). Applying this standard, the Court finds plaintiff has failed to state a claim upon which relief can be granted with regard to her claims of race discrimination and harassment, but that plaintiff has stated claims against defendant for discrimination on the basis of gender and for retaliation.

*Discussion*

**A.  Independent Contractor Liability**

Defendant moves the Court to dismiss the complaint in its entirety on the basis that plaintiff was not an employee of defendant. According to defendant, plaintiff was an employee of an independent contractor and, therefore, she cannot state a claim of employment discrimination against defendant under Title VII.

Defendant is correct that Title VII protects employees not independent contractors. Who is an employee versus an independent contractor, however, is not dependent on labels. Rather, the Eighth Circuit has instructed that in conducting this inquiry, district courts are to use the common law agency definition of employee. Hunt v. State of Mo., Dept. of Corrections, 297 F.3d 735, 742 (8th

-3-

Cir. 2002). The "right to control the manner and means by which tasks are accomplished" is the "primary consideration" in determining who is an employee, in addition to a number of other factors, which are "fact-intensive." Id. (referring to twelve factors that are relevant to the inquiry, but which are not exhaustive). In fact, as defendant admits in its memorandum, "[d]etermining whether a party is an employee or an independent contractor . . . requires a fact-intensive consideration of all aspects of the working relationship between the parties." Id.

In her complaint, plaintiff does not allege defendant was her employer, but she does allege facts that would tend to indicate defendant did (or still does) exert some degree of control over her work – namely the ability to pull her off a job. Due to the current posture of the case, pertinent facts about the working relationship between plaintiff and defendant are not before the Court. The issue, therefore, is not ripe for review and is more appropriate for consideration on a motion for summary judgment. The Court will deny, without prejudice, defendant's request for dismissal on the basis that plaintiff was not (and is not) its employee.

### B. Failure to Exhaust Administrative Remedies

Defendant moves in the alternative to dismiss plaintiff's claims of race discrimination, harassment, and retaliation on the basis that plaintiff did not include these claims in her EEOC charge and, therefore, has not exhausted her administrative remedies with respect to these claims. Defendant correctly points out that Title VII requires administrative exhaustion before filing a lawsuit. Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2166 (2007). To exhaust one's administrative remedies, an individual must timely file a charge of discrimination with the EEOC or a state enforcement agency setting forth the facts and nature of the charge. 42 U.S.C. § 2000e-5(e). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or

practices complained of." 29 C.F.R. § 1601.12(b). The charge limits the scope of the subsequent civil action in that once an individual has received a right to sue notice from the EEOC or state agency, he or she has 90 days in which to file a lawsuit that "grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Nichols v. Am. Nat'l Ins. Co., 154 F.3d 875, 886 (8th Cir. 1998). See also Mohr v. Dustrol, Inc., 306 F.3d 636, 644-45 (8th Cir. 2002). "[If] the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court." Ledbetter, 127 S. Ct. at 2166-67 (citing to § 2000e-5(f)(1)).

Defendant points to the discrepancies between the two copies of plaintiff's charge of discrimination in support of its argument that plaintiff's claim of retaliation must be dismissed. Defendant contends plaintiff altered the second copy of the EEOC charge and marked the boxes indicating "retaliation," "other [discrimination]," and "continuing action" after the charge was submitted to the EEOC. The Court, however, finds this to be an issue of fact. It is not evident from the face of the document that the changes occurred after the charge was filed, as opposed to prior to the filing. Therefore, construing the document in a light most favorable to plaintiff, as the Court must do, the Court finds dismissal of plaintiff's retaliation claim is not warranted at this time.

As for plaintiff's claims of race discrimination and harassment, both copies of plaintiff's EEOC charge are devoid of any mention of race discrimination, and neither details allegations of harassment, which is also known as a hostile work environment. Because it appears from the face of the exhibits attached to plaintiff's complaint that she failed to raise race discrimination or harassment claims with the EEOC or a state enforcement agency, the Court finds plaintiff has failed to exhaust her administrative remedies with respect to these two claims. As a result, defendant's motion to dismiss will be granted insofar as it requests dismissal of plaintiff's claims of race discrimination and

harassment. Cottrill v. MFA, Inc., 443 F.3d. 629, 634-35 (8th Cir. 2006) (claims for disparate treatment did not arise from nor were reasonably related to the allegations of a hostile work environment); Gipson v. KAS Snacktime Co., 83 F.3d. 225, 229 (8th Cir. 1996) (for a claim of hostile work environment "[t]o be properly exhausted [it] must be separately raised in the administrative charge, because it is not reasonably related to a claim of discrete act of discrimination, such as [a termination]") (abrogated on different grounds); Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996) (finding a plaintiff may only bring claims in federal court that are "like or reasonably related" to the claims brought in the EEOC charge); Tart v. Hill Behan Lumber Co., 31 F.3d. 668, 671 (8th Cir. 1984) (claim of racial harassment is not reasonably related to racially discriminatory discharge).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. Defendant's motion to dismiss is granted only to the extent that plaintiff's claims of harassment and race discrimination are **DISMISSED** for failure to exhaust administrative remedies. All other aspects of the motion are **DENIED.** [Doc. 10]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_25th\_\_\_ day of September, 2007.